# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **FRANCES STEVENS** | **CIVIL ACTION NO.:** |
| **VERSUS** | **DIVISION** |
| **BOSTON MUTUAL LIFE INSURANCE COMPANY, DISABILITY REINSURANCE MANAGEMENT SERVICES, INC., THE NEWTRON GROUP, LLC EMPLOYEE WELFARE BENEFITS PLAN AND NEWTRON GROUP, LLC** | |

## COMPLAINT

### I.   PARTIES

1. Plaintiff, **Frances Stevens**, is a person of the full age of majority, and a resident of East Baton Rouge Parish, Louisiana.

2. Defendant, **Boston Mutual Life Insurance Company ("Boston"),** is a foreign corporation authorized to do and doing business in the State of Louisiana in this judicial district.

**3.** Defendant, **Disability Reinsurance Management Services, Inc ("DRMS")** is a foreign corporation authorized to do and doing business in the State of Louisiana in this judicial district.

4. Defendant, **The Newtron Group, LLC Employee Welfare Benefits Plan ("the Plan")**, is an employee benefit plan, created, established, sponsored, administered, and funded by Defendant, **The Newtron Group, LLC ("Newtron"),** in the state of Louisiana.

5. Defendant, **Newtron**, is a Delaware corporation with its principal business establishment in Louisiana, and is authorized to do and doing business in Louisiana, and is the Plan Administrator of the Plan.

## II.    JURISDICTION & VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this suit involves questions of federal law, namely the Employee Retirement Income Security Act of 1974 ("ERISA").

7. Venue is proper in this district under 28 U.S.C. §1391(b) because Plaintiff is a resident of this district, and a substantial part of the events giving rise to the claim occurred in this district.

## III.    FACTS & ALLEGATIONS

8. Defendant, DRMS, acted at all relevant times as a fiduciary of the Plan by virtue of being under contract with the Plan, Newtron, and Boston to provide certain claims services relevant here.

9. Defendant, Boston, acted at all relevant times as a fiduciary of the Plan by virtue of being under contract with the Plan and Newtron to insure the Plan and provide certain claims services relevant here.

10. Defendant, Boston, insured the Plan and Plaintiff as beneficiary for all benefits at issue here through an insurance policy ("the Policy").

11. Plaintiff was an employee of Newtron, was at all relevant times a participant of the Plan, and at all times qualified as a beneficiary under the Plan for benefits under the Plan and the Policy.

12. Among other benefits, the Plan and the Policy provided Plaintiff with long term disability insurance benefits.

13. Beginning October 8th, 2018, Plaintiff became, has remained, and will remain permanently disabled due to a cervical cancer diagnosis, required treatment, and their disabling effects on her physical capacity, and resulting pain, restrictions and limitations as defined by the Plan and the Policy.

14. Defendants, the Plan, Newtron, DRMS and Boston, had a duty to furnish certain records, documents and information to Plaintiff upon request, including "all documents, records, and other information relevant to [Plaintiff's] claim for benefits" within 30 days of receipt of such request. 29 CFR 2560.503-1(i)(3).

15. Defendants, the Plan, Newtron, DRMS and Boston also had a duty to furnish certain Plan documents to Plaintiff upon request including a copy of the applicable Plan, the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreements, trust agreements, contracts, including insurance and claims administrator contracts, or any other instruments under which the Plan is established or operated within 30 days of receipt of such request. 29 U.S.C.A. § 1024(b)(4).

16. Defendants, the Plan and Newtron, are vicariously liable for the acts of their contractual agents, DRMS and Boston, and Boston is vicariously liable for the acts of its contractual agent, DRMS.

17. On September 6, 2019, Plaintiff wrote to Defendants, Newtron, DRMS and Boston requesting a copy of the documents it was under duty to provide as set forth above.

18. Defendants, Newtron, DRMS and Boston failed to provide a complete copy of all requested documents within 30 days of Plaintiff's request.

19. Defendants, Newtron, DRMS, Boston and the Plan, must therefore pay a penalty of $110 per day beginning thirty days after Plaintiff's request for documents.

20. Despite receiving overwhelming proof that Plaintiff qualified for benefits under the Plan and the Policy terms, Defendants, Newtron, DRMS, Boston and the Plan arbitrarily and capriciously refused to pay benefits Plaintiff is entitled to receive under the terms of the Plan and the Policy.

21. Plaintiff provided timely application for benefits and proof of loss as required by the Plan and the Policy.

22. During the course of the claims process, Defendants, Newtron, DRMS, Boston and the Plan violated applicable ERISA regulations, including but not limited to the following violations which amount to procedural unreasonableness, and failing to provide a full and fair review, independently requiring the reversal of its claim denial:

   a. Failure to employ a properly- credentialed medical or other expert in the original denial.

   b. Failure to provide a reasonable or ERISA- compliant claim or administrative appeal process or independent review of the initial denial, including an independent and properly credentialed medical or other expert not involved in the original denial.

   c. Failure to follow the claims process of the Plan, the Policy or any process complying with applicable ERISA regulations by not timely ruling on the initial application or appeal.

    d.   Failure to follow the claims process of the Plan, the Policy or any process complying with applicable ERISA regulations by not providing Plaintiff with a copy of its purported medical experts report and providing Plaintiff a reasonable opportunity to respond to it before ruling on administrative appeal.

    e.   Improperly delegating or permitting benefit determination duties and tasks to or by persons or entities without proper formal authorization by the Plan, the Plan Administrator or the Policy.

24.   Plaintiff incurred attorney's fees in order to pursue benefits from the Plan.

25.   Plaintiff is entitled to judgment awarding benefits owed under the terms of the Plan from Defendants, Newtron, DRMS, Boston and the Plan.

26.   Plaintiff is entitled to judgment awarding reasonable attorney fees incurred in pursuit of these claims from Defendants, Newtron, DRMS, Boston and the Plan.

27.   The standard of review of Plaintiff's claims herein is *de novo*, by virtue of no grant of discretionary authority being properly vested in the ultimate claim decision maker, and due to the failure of Defendants to comply with applicable ERISA claim regulations.

**WHEREFORE**, Plaintiff **FRANCES STEVENS**, prays for judgment against Defendants, **BOSTON MUTUAL LIFE INSURANCE COMPANY, DISABILITY REINSURANCE MANAGEMENT SERVICES, INC., THE NEWTRON GROUP, LLC EMPLOYEE WELFARE BENEFITS PLAN AND NEWTRON GROUP, LLC** as follows:

1.   For all benefits due Plaintiff under terms of the Plan and the Policy, plus appropriate pre- and post-judgment interest;

2.   For all reasonable attorney's fees;

3.   For costs of suit; and

4.  For all other relief as the facts and law may provide.

                Respectfully Submitted,

                  s/J. Price McNamara

                _____

**J. PRICE McNAMARA**
Bar Nos: LA 20291 & TX 24084626
10455 Jefferson Highway, Ste. 2B
Baton Rouge, LA 70809
Telephone: 225-201-8311
Facsimile: 225-612-6973
price@jpricemcnamara.com
Attorney for Complainant